PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-MC-00050-KJM-AC |
| Plaintiff, | |
| v. | STIPULATION AND ORDER EXTENDING TIME FOR FILING A COMPLAINT FOR FORFEITURE AND/OR TO OBTAIN AN INDICTMENT ALLEGING FORFEITURE |
| APPROXIMATELY $408,750.00 IN U.S. CURRENCY, | |
| Defendant. | |

The United States and potential claimant Li Qiu Lin ("Lin"), by and through their counsel, submit the following Stipulation and Order pursuant to the Court's prior order in this case. The seizure forming the basis for this matter took place in 2018 and the parties acknowledge the many extensions to the forfeiture deadline given the COVID-19 pandemic, ongoing settlement negotiations, and a thorough investigation into the various business entities and complicated business transactions involved in this seizure. In recent weeks, the parties have engaged in productive settlement negotiations concerning the transactions and parties involved in the seizure. Accordingly, the parties seek only a brief thirty-day extension and believe that this will be the final request.

### **Good Cause**

The seizures in this case stem from an investigation and resulting seizure at the Sacramento airport of currency from the potential claimant. The potential claimant was traveling to Sacramento from Queens, New York with a family member to purportedly purchase a home in the Sacramento area. The

Stipulation and Order to Extend Time

cash they carried in their luggage totaled $408,750.00 and is alleged to have originated from a series of complicated business transactions involving several small businesses selling goods and services in the Sacramento area. A drug dog trained to identify the odor of narcotics on currency subsequently positively alerted to the cash transported from New York to Sacramento.

Accordingly, the United States has committed substantial resources and time reviewing the claims, transaction reports, bank documents, financial reports, investigative documents, and other records in this case, including employment reports. Further, discussions to resolve factual inquiries involving the businesses and settlement movement require coordination and layers of conversation amongst many parties, including the claimant and business associates. Although this case was referred to the U.S. Attorney's Office two years ago, the office has essentially been on an "at home" model since mid-March 2020 and therefore all discussions, negotiations, and approval conferences have occurred remotely. Thus, the COVID-19 pandemic has had a significant impact on the timing of this case and progressing the settlement negotiations in this matter.

**Stipulations**

1. On or about December 11, 2018, claimant Lin filed a claim in the administrative forfeiture proceedings with the Drug Enforcement Administration with respect to the Approximately $408,750.00 in U.S. Currency (hereafter "defendant currency"), which was seized on October 15, 2018.

2. The Drug Enforcement Administration has sent the written notice of intent to forfeit required by 18 U.S.C. § 983(a)(1)(A) to all known interested parties. The time has expired for any person to file a claim to the defendant currency under 18 U.S.C. § 983(a)(2)(A)-(E), and no person other than the claimant has filed a claim to the defendant currency as required by law in the administrative forfeiture proceeding.

3. Under 18 U.S.C. § 983(a)(3)(A), the United States is required to file a complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture within ninety days after a claim has been filed in the administrative forfeiture proceedings, unless the court extends the deadline for good cause shown or by agreement of the parties. That deadline was March 11, 2019.

4. By Stipulation and Order filed March 6, 2019, the parties stipulated to extend to May 10,

2019, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

5. By Stipulation and Order filed May 17, 2019, the parties stipulated to extend to July 9, 2019, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

6. By Stipulation and Order filed July 3, 2019, the parties stipulated to extend to September 9, 2019, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

7. By Stipulation and Order filed September 10, 2019, the parties stipulated to extend to November 8, 2019, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

8. By Stipulation and Order filed November 6, 2019, the parties stipulated to extend to January 7, 2020, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

9. By Stipulation and Order filed January 9, 2020, the parties stipulated to extend to March 7, 2020, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

10. By Stipulation and Order filed March 10, 2020, the parties stipulated to extend to May 7, 2020, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

11. By Stipulation and Order filed May 12, 2020, the parties stipulated to extend to July 6,

2020, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

12. By Stipulation and Order filed July 20, 2020, the parties stipulated to extend to September 4, 2020, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

13. By Stipulation and Order filed September 8, 2020, the parties stipulated to extend to November 3, 2020, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

14. By Stipulation and Order filed November 24, 2020, the parties stipulated to extend to December 3, 2020, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

15. By Stipulation and Order filed December 7, 2020, the parties stipulated to extend to January 4, 2021, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

16. By Stipulation and Order filed December 29, 2020, the parties stipulated to extend to March 5, 2021, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

17. By Stipulation and Order filed April 20, 2021, the parties stipulated to extend to May 4, 2021, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

18. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to further extend

to June 4, 2021, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

19. Accordingly, the parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture shall be extended to June 4, 2021.

Dated: 5/04/2021

PHILLIP A. TALBERT
Acting United States Attorney

 /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: 5/03/2021

/s/ Isaac Safier
ISAAC SAFIER
Attorney for Li Qui Lin
(As authorized via phone)

The court grants the stipulation, ECF No. 29, extending the deadline for the United States to file a civil complaint for forfeiture to June 4, 2021. This is the fifteenth extension over the course of two years, further extension will not be granted without a showing of good cause.

IT IS SO ORDERED.

DATED: May 12, 2021.

CHIEF UNITED STATES DISTRICT JUDGE

Stipulation and Order to Extend Time