PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:19-MC-00050-KJM-AC |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $408,750.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about December 11, 2018, claimant Li Qui Lin ("Lin") filed a claim in the administrative forfeiture proceedings with the Drug Enforcement Administration with respect to the Approximately $408,750.00 in U.S. Currency (hereafter "defendant currency"), which was seized on October 15, 2018.

2. The Drug Enforcement Administration has sent the written notice of intent to forfeit required by 18 U.S.C. § 983(a)(1)(A) to all known interested parties. The time has expired for any person to file a claim to the defendant currency under 18 U.S.C. § 983(a)(2)(A)-(E), and no person other than Lin has filed a claim to the defendant currency as required by law in the administrative forfeiture proceeding.

3. The United States represents that it could show at a forfeiture trial that potential claimant was traveling to Sacramento from Queens, New York with a family member to purportedly purchase a

1

business in the Sacramento area. The cash they carried in their luggage totaled $408,750.00 and is alleged to have originated from a series of business transactions. A drug dog trained to identify the odor of narcotics on currency subsequently positively alerted to the cash transported from New York to Sacramento.

4. The United States represents that it could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

5. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Li Qui Lin acknowledges that she is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of the Consent Judgment of Forfeiture, $214,750.00 of the $408,750.00 in U.S. Currency, together with any interest that may have accrued, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

/////

/////

11. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $194,000.00 of the $408,750.00 in U.S. Currency, together with any interest that may have accrued, shall be returned to potential claimant Lin through her attorney Isaac Safier.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

13. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

14. All parties will bear their own costs and attorney's fees.

15. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: June 23, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE